UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CR-60200- DAMIAN

UNITED STATES OF AMERICA,

v.

LEROY BANNISTER,

        **Defendant.**
_____/

## REPORT AND RECOMMENDATION ON CHANGE OF PLEA

**THIS CAUSE** is before the Court on an Order of Referral [ECF No. 24] from the Honorable Melissa Damian to conduct a Change of Plea Hearing ("Hearing") for Defendant **LEROY BANNISTER** ("Defendant"). The Court conducted the Hearing on December 17, 2025, to determine if Defendant should be permitted to change his plea to guilty in this matter. Having concluded the Hearing, the Court makes the following **REPORT** and **RECOMMENDATION**:

1. At the outset of the Hearing, Defendant swore, under penalty of perjury, to answer the Court's questions truthfully. The Court then addressed Defendant's competency to proceed with the change of plea. Based on the Court's observations and Defendant's responses to the Court's inquiries, the undersigned concluded that Defendant is fully competent and capable of entering an informed and voluntary guilty plea.

2. The Court advised Defendant of his right to have the Hearing conducted by United States District Judge Melissa Damian, the judge who will conduct the sentencing hearing and make all findings and rulings concerning his sentence. The Court confirmed that Defendant had the opportunity to fully discuss this right with his counsel. Understanding his right to have the District Judge conduct the change of plea, Defendant, along with his counsel and the Government's

1

counsel, consented to the undersigned proceeding with the change of plea. Based on Defendant's responses to the Court's inquiries regarding his consent, the Court finds that Defendant knowingly and voluntarily gave his consent.

3. Upon obtaining Defendant's consent, the Court conducted a plea colloquy as outlined in the Bench Book for District Judges, and in accordance with Federal Rule of Criminal Procedure 11.

4. Defendant seeks to plead guilty to the sole count in the Indictment, which charges him with unlawful re-entry after deportation in violation of Title 18, United States Code, Section 1326(a)(1) and (b)(2).  The Court confirmed that Defendant is aware that the maximum penalty for the charge is up to twenty years of imprisonment, followed by up to one (3) years of supervised release. The Court discussed with Defendant the consequences for failure to comply with the conditions of supervised release.

5. The Court further confirmed that Defendant was aware that the District Judge may also impose a fine of up to $250,000 and a $100 special assessment.  The Court further discussed with Defendant the consequences of pleading guilty to a felony, including waiving the right to a jury trial, loss of valuable civil rights, removal from the United States, and inability to obtain United States citizenship in the future.  Defendant acknowledged that he understands the possible penalties that could be imposed against him and the other consequences of pleading guilty to the charge.  Defendant confirmed that he is fully aware that his sentence has not yet been determined and that he cannot withdraw the guilty plea if the sentence is greater than he currently anticipates.

6. The Court asked the Government's counsel to state the elements of the crime and summarize the evidence against Defendant for the record. Defendant and his counsel agreed that the Government correctly stated the elements of the crime.  The parties provided the Court a stipulated Factual Proffer signed by the Defendant, his Counsel, and the Government's Counsel.

The Court asked the Government's Counsel to read the stipulated Factual Proffer for the record. The Defendant confirmed that he agreed with the Government's proffer on the record and confirmed that he committed the acts stated therein. Based on the stipulated Factual Proffer and Defendant's responses to the Court's questions on the record, the undersigned finds that the Factual Proffer is sufficient to establish the crime to which Defendant intends to plead guilty. The Factual Proffer has been filed in the record. [ECF No. 27].

7. Defendant acknowledged that he is satisfied with his attorney, the representation that he has received, and that he has had a full opportunity to discuss all facets of his case—including discussing potential defenses, the Government's burden, and potential suppression motions—with his attorney.

8. Based on the foregoing and the plea colloquy conducted by this Court, the undersigned finds that Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense to which Defendant seeks to plead guilty.

9. Accordingly, Defendant was given the opportunity to change his plea. Defendant stated on the record that he pleads guilty to Count I of the Indictment.

## **CONCLUSION**

For the foregoing reasons, the undersigned **RECOMMENDS** that the Honorable Melissa Damian: (1) accept the guilty plea of Defendant, **LEROY BANNISTER**; (2) adjudicate Defendant guilty as to Count I of the Indictment to which he has entered a plea of guilty; and (3) conduct a sentencing hearing for final disposition of this matter.

A pre-sentence investigation report will be prepared for the District Court by the United States Probation Office. Sentencing will be set by a separate order before the Honorable Melissa Damian.

Objections to this Report and Recommendation, if any, may be filed with the Honorable Melissa Damian within **fourteen (14) days** of receipt of a copy of the Report. Failure to timely file objections waives a party's right to review issues related to Defendant's plea under Fed. R. Crim. P. 11 before the District Judge or the Court of Appeals. *See* Fed. R. Crim. P. 59(b)(1), (2); 11th Cir. R. 3-1; *Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020); 28 U.S.C. § 636(b)(1)(C). If the parties do not intend to object, the parties shall file a Notice of Non-Objection to the Report and Recommendation on Change of Plea within the same **fourteen (14) day deadline**.

**RESPECTFULLY RECOMMENDED** this 17th day of December 2025, at Fort Lauderdale, Florida.

_____
**DETRA SHAW-WILDER**
**UNITED STATES MAGISTRATE JUDGE**

cc: The Honorable Melissa Damian
All Counsel of Record